**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 17, 2014

LETTER TO COUNSEL

RE:   *Karen Ann Kirby v. Commissioner, Social Security Administration*;
       Civil No. SAG-13-3628

Dear Counsel:

On December 2, 2013, Plaintiff Karen Ann Kirby petitioned this Court to review the Social Security Administration's final decision to deny her claim(s) for Supplemental Security Income and Children's Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Kirby filed concurrent claims for Children's Insurance Benefits ("CIB"), based on the earnings record of her deceased father, and Supplemental Security Income ("SSI") on October 19, 2009. (Tr. 264–72, 273–79). She alleged a disability onset date of February 27, 2007. (Tr. 266, 273).[1] Her claims were denied initially and on reconsideration. (Tr. 133–40, 144–47). A hearing was held on March 5, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 37–86). Following the hearing, the ALJ determined that Ms. Kirby was not disabled within the meaning of the Social Security Act during the relevant time frame for either claim.[2] (Tr. 17–

---

[1] From the record, it is apparent that Ms. Kirby filed prior claims for CIB and SSI on March 9, 2007, alleging a disability onset date of July 1, 2002. (Tr. 112, 289). Those claims were denied on June 29, 2007. (Tr. 289). At the administrative hearing, Ms. Kirby requested that the ALJ reopen her prior claims, arguing that Dr. Vinitsky's opinions constituted new and material evidence relevant to those claims. (Tr. 41); *see* 20 C.F.R. §§ 416.1487, 416.1489. The ALJ did not expressly rule on that request at the hearing or in his written opinion. However, because the record does not include the evidence from Ms. Kirby's prior claims, it is apparent that the ALJ did not intend to reopen those claims. This Court does not have jurisdiction to review the ALJ's decision not to reopen Ms. Kirby's claim. *Califano v. Sanders* 430 U.S. 99, 107–08 (1977). Thus, under the principles of *res judicata*, the alleged disability onset date for Ms. Kirby's current claims cannot be earlier than the date her prior claims were denied. *See Harrah v. Richardson*, 443 F.2d 1, 2 (4th Cir. 1971) (explaining that *res judicata* applies even when a prior administrative determination adverse to a claimant was not put to the scrutiny of judicial review). The ALJ should have used June 30, 2007, as Ms. Kirby's alleged disability onset date for her current claims. However, because the ALJ considered that entire period using the earlier alleged onset date, any error is harmless.

[2] For Ms. Kirby's CIB claim, that time frame was between her alleged disability onset date and her twenty second birthday, June 29, 2007. *See* 42 U.S.C. §402(d)(1); 20 C.F.R. 404.350. Her prior claim was denied on her twenty-second birthday. Accordingly, Ms. Kirby did not have a valid CIB claim, and any error in the ALJ's analysis of that claim was also harmless. I have addressed the arguments pertaining to Ms. Kirby's SSI claim below.

29). The Appeals Council denied Ms. Kirby's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Kirby suffered from the severe impairments of major depressive disorder, post-traumatic stress disorder, panic disorder, obsessive compulsive disorder, bipolar disorder, peripheral automonic neuropathy, babesiasis, ehrlichiosis, and lyme disease. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Kirby retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is further limited to: occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; never climbing ladders, ropes or scaffolds; she needs to avoid concentrated exposure to cold, as well as extreme heat, excessive vibration, hazardous moving machinery, and unprotected heights; She [sic] can only perform simple, routine, repetitive tasks; she requires low stress work, defined as no strict production quotas; and she can only occasionally and superficially interact with the public, supervisors, and co-workers.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Kirby could perform jobs existing in significant numbers in the national economy and that therefore she was not disabled. (Tr. 28–29).

Ms. Kirby raises five principal arguments on appeal. First, she contends that the ALJ erred in evaluating the medical opinion evidence. Next, she claims that ALJ did not support his assessment of her RFC with substantial evidence. Third, Ms. Kirby argues that the ALJ erred in concluding that her mental impairments did not meet or equal a listing. Ms. Kirby further claims that the ALJ erred in assessing her credibility. Finally, Ms. Kirby takes issue with the hypothetical posed to the VE and the ALJ's reliance on VE's testimony. Each of Ms. Kirby's arguments lacks merit and is addressed below.

Ms. Kirby first argues that the ALJ erred in evaluating the medical opinion evidence on the record. Specifically, she contends that the ALJ should have assigned the opinions of Dr. Vinitsky, Ms. Kirby's treating physician, controlling weight. Pl.'s Mem. 5–11. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. § 404.1527. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 416.927(c)(2). The ALJ assigned "little weight" to Dr. Vinitsky's opinions because he found that they were "unsupported by Dr. Vinitsky's own treatment notes and the record as a whole." (Tr. 24). In support of his assignment, the ALJ cited many references in Dr. Vinitsky's treatment notes reflecting Ms. Kirby carrying out complex tasks, including installing a computer hard drive, teaching herself to play the harp, studying physics, and crocheting, for up to four hours at a time. (Tr. 24, citing Tr.

*Karen Ann Kirby v. Commissioner, Social Security Administration*
Civil No. SAG-13-3628
November 17, 2014
Page 3

569, 775, 779). The ALJ also cited treatment notes indicating significant psychiatric improvement with ongoing treatment of Ms. Kirby's infectious conditions, a normal mental status examination, and a positive mood. (Tr. 24, citing Tr. 772, 775, 782). Although there may also be evidence on the record consistent with Dr. Vinitsky's opinion, it is not the province of this Court to re-weigh the evidence, and the ALJ provided substantial evidence supporting his conclusion that Dr. Vinitsky's opinions regarding the limiting effects of Ms. Kirby's impairments merited little weight.

Ms. Kirby also argues that the ALJ assigned too much weight to the opinions of the State agency consultants. Pl.'s Mem. 11–13. The ALJ assigned "significant weight" to the 2010 GAF assessment of Dr. Dihr, "substantial weight" to the physical RFC assessment of Dr. Johnston, and "modest weight" to the case analysis of Dr. Biddison. (Tr. 24, 26–27). After thorough review, I find no error in the ALJ's evaluation of the State agency consultants' opinions. State agency consultants are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. 20 C.F.R. § 416.927(e)(2). When an ALJ considers the findings of a State agency consultant, the ALJ must evaluate the findings using the same factors applicable to other medical opinion evidence, including the specialty and expertise of the consultant, the supporting evidence in the case record, supporting explanations the consultant provides, and any other relevant factors. *Id.* Ms. Kirby contends that because the State agency opinions did not review the entirety of Dr. Vinitsky's treatment records, they should not be given more weight than Dr. Vinitsky's opinions. Pl.'s Mem. 12. First, in some instances, the opinions of State agency medical consultants may be entitled to greater weight than the opinions of treating or examining sources. SSR 96–6P, 1996 WL 374180, at *3 (July 2, 1996). Importantly, the ALJ did not assign weight to the opinions of the State agency reviewing physicians in a vacuum, but instead evaluated the extent to which they were consistent with the credible evidence of record, including Dr. Vinitsky's subsequent treatment notes about Ms. Kirby's activities of daily living and Ms. Kirby's own testimony. (Tr. 24–27). The assignments of weight to the State agency reviewing physicians, then, were supported by substantial evidence and did not provide the entire basis for the ALJ's conclusions.

Ms. Kirby next claims that the ALJ's assessment of her RFC was not supported by substantial evidence. Specifically, Ms. Kirby claims that the ALJ should not have concluded, based on her activities of daily living, that she was capable of sustained work activity. Pl.'s Mem. 13–14. Ms. Kirby contends that because her physical activities were prescribed by her treating physician, they did not support the ALJ's RFC assessment. Pl.'s Mem. 13. However, the ALJ appropriately determined that Ms. Kirby's own testimony regarding her activities of daily living undermined her testimony about the limiting effects of her impairments. Moreover, to the extent Ms. Kirby's physical activity was recommended by her treating physician, the ALJ's evaluation is bolstered, as such a recommendation indicates that the physician believed Ms. Kirby was capable of the physical activity. I find that the ALJ's consideration of Ms. Kirby's activities of daily living was appropriate to his evaluation of her RFC, and that his RFC assessment was thus supported by substantial evidence.

*Karen Ann Kirby v. Commissioner, Social Security Administration*
Civil No. SAG-13-3628
November 17, 2014
Page 4

Third, Ms. Kirby argues that the ALJ should have determined that her mental impairments equaled a listing. Specifically, she contends that the ALJ should have obtained an updated medical expert opinion regarding equivalence. Pl.'s Mem. 14–15. Social Security Ruling 96–6P explains that an ALJ must obtain an updated medical opinion from a medical expert "[w]hen additional medical evidence is received that in the opinion of the [ALJ]" may change the State agency psychological consultant's finding regarding equivalence to a Listing. SSR 96–6P, at *4. Ms. Kirby argues that Dr. Vinitsky's opinion constituted medical evidence that might change the State agency psychological consultant's opinion about equivalence. However, SSR 96–6P makes clear that the determination is discretionary and within the province of the ALJ. Because the ALJ properly discounted Dr. Vinitsky's opinion, it is apparent that the ALJ did not find that Dr. Vinitsky's opinion was likely to change the State agency consultant's conclusion that Ms. Kirby's impairments did not equal a listing.

Ms. Kirby also takes issue with the ALJ's assessment of her credibility. She claims the ALJ failed to take into account the "episodic nature" of her illness. Pl.'s Mem. 16–17. Although Ms. Kirby may well suffer from both "good days" and "bad days," the ALJ provided substantial evidence that with proper treatment, Ms. Kirby can perform work on a regular and continuing basis, even on her bad days. *See Matta v. Astrue*, 508 F. App'x 53, 56–57 (2d Cir. 2013). The ALJ appropriately discounted Ms. Kirby's testimony about the severity of her "bad days." He cited an abundance of evidence, including Ms. Kirby's own testimony and notes from her treating physician, indicating that despite her claimed limitations, she was regularly able to engage in complex mental and physical activities. (Tr. 23–24, 27). The ALJ also relied upon treatment records indicating that Ms. Kirby's symptoms improved over time. (Tr. 25–27). Accordingly, I find that the ALJ provided substantial evidence in support of his conclusion that Ms. Kirby is capable of working on a regular and continuing basis.

Finally, Ms. Kirby raises several arguments claiming that the ALJ erred in posing a hypothetical to the VE and in relying on the VE's testimony. First, Ms. Kirby claims that the ALJ ignored well supported limitations from Dr. Vinitsky's opinion, and that the ALJ's hypothetical was incomplete. However, this is an argument faulting the ALJ's RFC assessment couched as an argument based on the ALJ's hypothetical. As explained above, the ALJ's RFC assessment was supported by substantial evidence and based on a thorough evaluation of the entire record. The ALJ based the hypothetical he posed to the VE on his RFC assessment, and as such, the hypothetical was "proper." *See Walker v. Bowen*, 889 F.2d 47, 50–51 (4th Cir. 1989) (citing *Chester v. Matthews*, 403 F. Supp. 110 (D. Md. 1975)). Moreover, the ALJ "has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question. *Koonce v. Apfel*, 166 F.3d 1209 (4th Cir. 1999). Accordingly, I find no error in the hypothetical posed to the VE.

Ms. Kirby further contends that the ALJ should not have relied on the VE's testimony because, at the hearing, Ms. Kirby's counsel called into question the source of the VE's information about the number of jobs available in the national and local economy. Pl.'s Mem. 17–21. However, at the hearing the ALJ explained that he used two commonly available commercial computer programs, and his own experience, to come up with the number of

*Karen Ann Kirby v. Commissioner, Social Security Administration*
Civil No. SAG-13-3628
November 17, 2014
Page 5

available jobs. (Tr. 83–84). Since the VE is an expert, and the very purpose of his testimony is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform," *Walker*, 889 F.2d at 50, the VE appropriately used his own expertise to supplement the information in the DOT to determine the number of available jobs. Moreover, the VE identified 715,000 jobs in the national economy and 8,000 jobs in the local economy, figures vastly greater than those necessary to find a "significant number of jobs." *Cf. Lawler v. Astrue*, No. 09–1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that the fact that there were only 75–100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy."); *Hicks v. Califano*, 600 F.2d 1048, 1051 n. 2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number). Ms. Kirby points to no evidence that the VE's testimony was so erroneous that the accurate numbers fell below a significant number of jobs. Accordingly, the ALJ provided substantial evidence supporting his conclusion that Ms. Kirby can perform jobs existing in significant numbers in the national economy, and that therefore, she is not disabled.

For the reasons set forth herein, Ms. Kirby's Motion for Summary Judgment (ECF No. 14) is DENIED, and the Commissioner's Motion for Summary Judgment (ECF No. 17) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge